BARRY, Justice Ad Hoc.*
Eugene Jones was found guilty of armed robbery, LSA-R.S. 14:64, and sentenced to sixty years at hard labor. On appeal he presents one assignment of error urging that a defense witness was improperly impeached by use of inadmissible evidence.
The victim of the robbery, Raymond Robin, testified that while selling hot tamales from the corner of Orleans and Galvez Streets in New Orleans a man wearing a straw hat and brown floral shirt approached arid placed an order. After Robin filled the order the man pointed a gun at him and demanded that he place his money in the bag with the tamales. Robin complied and placed $25.00 in the bag. The robbery occurred at night but Robin said the streetlights provided sufficient illumination for him to recognize the robber whom he had previously seen two or three times in the neighborhood. The police were called and given a description which was similar to the defendant’s appearance. Shortly thereafter the victim again called the police advising the wanted subject was named “Deeney”. This name was checked in the police files where the defendant’s picture was located and presented in a photographic lineup to the victim who identified the defendant as his assailant. At a later date Robin again identified defendant from a physical lineup.
The defense called Sharon Simmons who testified that the victim was drinking “either wine or some kind of hard liquor” on the evening of the offense. This contradicted Robin’s earlier testimony that he had not been drinking and was clear-headed when he was robbed. The following cross-examination of this defense witness and rebuttal testimony is the basis for defendant’s assignment of error:
Q: Do you know Off. Johnson by any chance, Off. Duan Johnson?
A: Do I know him?
Q: Uh huh.
A: Not personally.
Q: Not personally. Do you know who he is?
A: Yeah, I know who he is.
Q: How do you know him?
A: How do I know him?
Q: Uh huh.
A: He stops around the corner where I work at. He eats there sometimes.
Q: Do you know him any other way?
A: Yeah, he done came to my house before.
Q: He came to. your house before?
A: Uh huh.
Q: I have no further questions.
Officer Duan Johnson had testified concerning his investigation of the robbery. On rebuttal the State recalled Officer Johnson and elicited the following allegedly objectionable testimony:
Q: Officer, would you state your name again?
A: Police officer Duan Johnson.
Q: Officer, do you know a person by the name of Sharon Simmons?
A: Yes, I do.
Q: Okay. Now, Officer, have you ever known Sharon in capacity with her work — through her work?
A: I don’t know where she works at. I’ve never—
*1201 Q: All right. Have you ever eaten lunch, or eaten dinner, or any meal at the Quality Inn Motel?
A: No.
Q: Do you usually eat lunch, dinner, or any of your meals at any hotels?
A: No.
Q: Do you know Sharon Simmons though?
A: Yes.
Q: Well, how do you know her?
BY THE DEFENSE:
Your Honor, before the officer answers that question, may we approach the bench?
BY THE COURT:
Yes, sir.
REPORTER’S NOTE: Counsels approached the bench and conferred with the court.
BY THE STATE:
Q: Let me ask you this. Is the Sharon Simmons that you know, is she the same Sharon Simmons that you’ve seen in here today?
A: Yes. I saw her enter the courtroom. She was out in the back hallway.
Q: Okay. Now is it your testimony, that you never knew her from eating dinner at a place that she worked, or anything like that, is that correct?
A: No, I’ve never eaten at a hotel where she worked.
Q: Well, could you explain, and tell the ladies and gentlemen how you do know her?
A: I executed a search warrant at her residence, at 639 North Galvez.
BY THE DEFENSE:
Your Honor, not only will I object to this — now, this is — this testimony is the mentioning of another crime, Your Honor. He issued a search warrant at the lady’s house.
BY THE COURT:
Under Article R.S. 15:492, she has the right to impeach that witness’s testimony.
BY THE DEFENSE:
Your Honor, that’s not impeachment. Sharon sat there and said she knew him because he came to her house. She, herself, said that. He hasn’t impeached her at all.
BY THE COURT:
Well, that’s a question of fact for the jury to determine. I cannot comment on that.
You’re overruled. Proceed.
BY THE STATE:
Q: How many occasions have you been to her house?
A: I’ve been to 639 North Galvez, her residence, twice.
Q: Twice. I have no further questions.
BY THE DEFENSE:
I have no questions, Your Honor.
BY THE COURT:
All right. Step down, Officer. You’re excused from your subpoena—
Defense counsel then changed his mind and cross-examined Officer Johnson:
Q: Was the search warrants you issued at that residence, had those search warrants, did they have any relationship at all to this trial, to this matter that’s before the court today?
A: The search warrants that I issued at her residence?
BY THE COURT:
That you executed at her residence.
BY THE WITNESS:
The search warrants which I executed at her residence was not for this case. I arrested her brother.
BY THE DEFENSE:
Okay, Your Honor. I have no further questions.
The defendant timely objected to the State’s attempt to impeach this witness by the inference that she was personally associated with the search warrant, but the trial judge erroneously permitted the testimony. Defendant’s assignment is based on LSA— R.S. 15:495 which provides that a witness’s credibility cannot be attacked with evidence of an arrest, indictment, or prosecution not resulting in a conviction.
*1202 The cross-examination of Officer Johnson by defense counsel clarified that the two search warrants were not related to this case. The police officer was specific in stating that the warrants he executed at her residence “was not for this case” and that he arrested the witness’s brother. If there was any initial doubt as to the witness’s credibility it should have been removed and the trial court’s error in admitting this improper testimony was harmless error.
We do not condone the State’s prosecuto-rial misconduct in knowingly pursuing prejudicial testimony. However, the defendant’s assignment of error fails to establish reversible error and we find no substantial prejudice which deprived the defendant of a fair trial. C.Cr.P. art. 921.
The conviction and sentence are affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.

 Judges Patrick M. Schott, Lawrence A. Chehar-dy and Denis A. Barry of the Fourth Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.